**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1589-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MANUEL E. CONCEPCION,
a/k/a MANNY CONCEPCION,
MANNY E. CONCEPCION, and
MANUEL E. CONCEPCION, JR.,

     Defendant-Appellant.

_____

Submitted October 16, 2018 – Decided November 26, 2018

Before Judges Yannotti and Natali.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 12-02-0408.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John J. Santoliquido, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Manuel E. Concepcion appeals from an August 23, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On September 21, 2011, defendant was indicted on a charge of possession of cocaine, N.J.S.A. 2C:35–10(a)(1). Defendant was indicted again on February 15, 2012, on charges of first-degree murder, N.J.S.A. 2C:11–3(a)(1), third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39–4(d), and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39–5(d) (2012 indictment). Tried by a jury, defendant was acquitted of murder but convicted of the lesser included offense of aggravated manslaughter and the two weapons offenses. Defendant subsequently pled guilty to the possession of cocaine charge and was sentenced to an aggregate forty-year custodial sentence, with an eighty-five-percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.

We affirmed defendant's convictions and sentence in an unpublished opinion. State v. Concepcion, No. A-3884-13 (App. Div. Jan. 5, 2016). The

A-1589-17T2

Supreme Court denied defendant's petition for certification. State v. Concepcion, 225 N.J. 339 (2016).

The facts underlying defendant's convictions are detailed in our unpublished opinion. We briefly recount those facts to provide context for our decision.

Ignacio Castro met Megan Cassidy, a prostitute, and solicited her services. The two engaged in an argument and Castro slapped Cassidy. An individual known to Cassidy as "Boo" asked her what occurred. Shortly thereafter, Boo and a number of other individuals, including defendant and Michael Jones, approached and confronted Castro. That confrontation turned violent as Cassidy testified that Boo, Jones, and defendant each struck Castro in the chest. Castro began bleeding, staggered away and ultimately died as a result of a stab wound to his chest.

At the trial of the 2012 indictment, defendant testified but called no other witnesses. He testified that he made money by hustling, dealing drugs and cutting hair. Cassidy gave him the money she earned as a prostitute, and, in return, he provided her with food, shelter and drugs. On the day of the stabbing, defendant testified he saw a commotion on the street, and was told that Castro

3

had not paid Cassidy and had hit her. Defendant admitted that he struck Castro, but denied stabbing him.

A number of witnesses provided statements inculpating defendant. Three of those witnesses, Cassidy, Jones, and Alexis Campbell, recanted those statements prior to trial.

Despite Cassidy's and Campbell's recantations, the State played their original, audiotaped statements to the jury. The State also played an audiotaped statement of Willy Henderson, Jr. Jones did not testify at trial.

In Cassidy's original, taped statement to the police, she said defendant admitted to her that he stabbed Castro with scissors, cut his hand and broke the scissors in the process. Campbell's taped statement also included an admission by defendant that he stabbed a man who was arguing with Cassidy over money. Henderson's taped statement included a similar admission by defendant and defendant's request that Henderson recover the broken scissors from the scene.

On June 15, 2016, defendant filed a pro se PCR petition which he supplemented by appointed PCR counsel's brief and two witness statements of Heather Reynolds, dated May 8, 2017 and June 20, 2017. Defendant also submitted to the PCR court the recanted statements from Cassidy, Jones, and Campbell.

Before the PCR court, defendant maintained his trial counsel was ineffective in "fail[ing] to investigate and call favorable witnesses Michael Jones and Aspen Baker who would have testified that [he] was not guilty of the charges." In his May 11, 2017 brief to the PCR court, PCR counsel added that "[a]side from the three exculpatory statements" from Cassidy, Jones, and Campbell, which "defendant himself . . . obtain[ed], defense counsel is not known to have conducted any additional investigations, sought interviews of the other identified eye witnesses or sought out other individuals who were present for the incident and could provide exculpatory information not tainted by a prior statement to the police."

PCR counsel also claimed that trial counsel's representation of defendant was constitutionally deficient because counsel failed to object at trial to the hearsay testimony of Detective Paul Micheletti that Jones provided a statement admitting to hitting Castro in the face. Detective Micheletti further testified that Jones was not charged with the murder because he committed a disorderly person's offense of simple assault. According to defendant, that testimony had the effect of improperly "bolstering the credibility of crucial State witnesses" and "highly damaged and unequivocally prejudiced [defendant]" as it told the jury that Jones was not responsible for the offense and undermined defendant's

A-1589-17T2

claim that Jones stabbed the victim. Finally, PCR counsel maintained appellate counsel was ineffective for failing to raise the improper admission of Detective Micheletti's hearsay testimony.

Judge Michael J. Blee denied defendant's petition for reasons detailed in a comprehensive written decision. He concluded that defendant failed to establish that he was prejudiced by trial counsel's alleged failure to investigate and call Reynolds, Cassidy, Jones and Campbell as trial witnesses and, therefore, did not satisfy the second prong of the two-part test for ineffective assistance of counsel detailed in Strickland v. Washington, 466 U.S. 668 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). Judge Blee determined that as to Carter and Baker, defendant failed to support his petition with a statement or affidavit from either witness or a description of their proposed testimony. Finally, he concluded that trial counsel's failure to object to Detective Micheletti's testimony would not have affected the trial outcome and denied defendant's request for an evidentiary hearing.

Defendant appeals, arguing:

POINT I

MR. CONCEPCION IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO

6

INVESTIGATE AND PRESENT WITNESSES AND FAILING TO OBJECT TO HEARSAY TESTIMONY THAT VIOLATED HIS RIGHT TO CONFRONTATION AND UNDERMINED HIS DEFENSE.

Defendant filed a pro se reply brief in which he raised the following points:

POINT I

PCR COUNSEL WAS INEFFECTIVE FOR NOT FULLY ADVISING PETITIONER OF THE DOWNFALLS OF NOT ATTENDING HIS PETITION AND PETITIONER DID NOT FULLY AND INTELLIGENTLY WAIVE HIS APPEARANCE FOR HIS PCR HEARING.

POINT II

PCR COURT ERRED BY DENYING PETITIONER A FULL HEARING IN ACCORDANCE WITH CUMMINGS TO HEAR TESTIMONY FROM WITNESSES AND PETITIONER TO ADDRESS ISSUES OUTSIDE OF THE RECORD.

POINT III

TRIAL COUNSEL WAS INEFFECTIVE FOR FAIL[ING] TO OBJECT TO JUDGE'S REMARKS OF PETITIONER BEING [A] PIMP.

POINT IV

TRIAL COUNSEL FAILED TO OBJECT [TO] THE PROSECUTOR'S ERROR AFTER MISINTERPETING WHAT WAS SAID BY PETITIONER AND REQUEST A CURATIVE INSTRUCTION.

POINT V

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ADDRESS THE ISSUE THAT MS. CASSIDY WAS INTOXICAT[ED] DURING INTERROGATION AND THAT SHE RECEIVED HELP WITH HER AFFIDAVIT WHILE INCARCERATED.

We find no merit in these arguments and affirm substantially for the reasons stated in Judge Blee's written opinion. We add the following comments.

II.

Because defendant's PCR petition is predicated on his claim that trial counsel was ineffective, he must satisfy the two-part test pronounced in Strickland by demonstrating that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 58. The first prong requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. It is the defendant's burden to

8

prove, by a preponderance of the evidence, that counsel's decisions about trial strategy were not within the broad spectrum of competent legal representation. See Fritz, 105 N.J. at 52.

Under the second prong, a defendant must demonstrate that his counsel's errors prejudiced the defense to the extent that the defendant was deprived of a fair and reliable trial outcome. Strickland, 466 U.S. at 687. To prove this element, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Applying the Strickand/Fritz test to defendant's claim that trial counsel failed to investigate and present witnesses at trial, we agree with the PCR court that defendant failed to establish that it was reasonably probable that but for trial counsel's alleged ineffective representation, there would have been a different outcome at trial. We address each witness separately.

In her May 18, 2017 statement, Reynolds indicated that while standing across the street, she witnessed defendant, Jones, and Cassidy engaged in a verbal dispute with a "Mexican" individual while someone she knew as Castro stood by. She claimed that defendant and Jones attacked the Mexican male "who . . . had both of his hands up in a defensive position." She also stated defendant

"sw[u]ng upward and str[uck] [the] 'Mexican male' in the upper part of his face or chest" at least once. She recounted that defendant then walked toward her, upset, yelling, and "waiving his hands," but Reynolds claimed she did not see anything in his hands. In her June 20, 2017 statement, Reynolds said Cassidy told her "she was threatened by the police," and that the police "told [Cassidy] what to say."

We agree with the PCR court that in light of the overwhelming evidence of defendant's guilt, any failure to call Reynolds as a trial witness did not prejudice defendant. The State called nineteen witness at trial and played multiple audiotapes of witnesses recounting defendant's admissions that he stabbed the victim with scissors. Further, despite denying that he stabbed Castro, defendant admitted at trial that he did in fact strike him. Thus, the PCR court correctly concluded that "the quantum and quality of the evidence" indicative of defendant's guilt was "overwhelming" and rendered Reynolds' statements "inconsequential" to the trial's outcome.

With respect to Cassidy and Campbell, both witnesses testified at trial and were subject to cross-examination where trial counsel elicited the substance of their recantations. Defendant has failed to identify specifically what additional

A-1589-17T2

pre-trial investigation counsel should have performed or how it would have affected Cassidy's or Campbell's trial testimony.

As to Jones, the record reflects that trial counsel requested that an investigator locate and interview him before trial. Jones could not be found and the State did not introduce his pre-trial statement. Thus, there is no merit to defendant's claim that trial counsel was ineffective or that defendant was in any way prejudiced by trial counsel's failure to interview or call a witness that counsel was not able to locate and who did not testify at trial.

With respect to Edwin and Baker, defendant failed to submit an affidavit or statement from either witness that described the purported exculpatory information these witnesses possessed. Thus, defendant's claim that trial counsel should have interviewed and called them, or any other unidentified witness, at trial is nothing more than a "bald assertion[]" and insufficient to warrant relief. See State v. Porter, 216 N.J. 343, 355 (2013) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)); see also R. 3:22-10(c).

## III.

We also agree with the PCR court that trial counsel's failure to object to the admission of Detective Micheletti's hearsay testimony did not affect the trial's outcome. As the PCR court explained, trial counsel "chose a trial strategy

in which he argued that it was someone else involved in the altercation that delivered the fatal stab wound to the victim." Judge Blee acknowledged that Detective Micheletti's response was inadmissible hearsay but rather than harm defendant's case, the testimony actually "strengthened the [d]efendant's theory . . . that it was someone else, and possibly Michael Jones, who stabbed the victim."

We similarly find no merit to defendant's claim that appellate counsel was ineffective for failing to raise Detective Micheletti's testimony on direct appeal as an appellate counsel is not ineffective for failing to raise every issue imaginable. State v. Gaither, 396 N.J. Super. 508, 515 (App. Div. 2007) (citing Jones v. Barnes, 463 U.S. 745, 753-54 (1983)). Rather, appellate counsel is afforded the discretion to construct and present what he or she deems are the most effective arguments in support of the client's position. Id. at 516. Here, in light of the overwhelming evidence unrelated to Detective Micheletti's testimony establishing defendant's guilt, including his admissions to multiple individuals, appellate counsel's representation was not deficient for failing to raise an issue that was unlikely to affect the outcome of the appeal.

IV.

There was no need for an evidentiary hearing on the PCR petition because defendant failed to establish a prima facie basis for relief.  See Porter, 216 N.J. at 357.  The PCR judge was within his discretion in denying a hearing.  See State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("[W]e revie under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing."  (citing State v. Marshall, 148 N.J. 89, 157-58 (1997))).

V.

Finally, we reject the arguments raised in defendant's pro se brief.  With respect to point I, the PCR judge determined after executing a writ for defendant's appearance, that "defendant made a knowing waiver" because he declined to appear "and indicated a desire to allow [his PCR counsel] to present argument in his absence."  Further, it is clear from the record that Judge Blee considered all of defendant's arguments and his non-appearance at oral argument had no effect on the PCR court's decision.

For the reasons expressed in section IV, the trial court correctly rejected defendant's claim that an evidentiary hearing was necessary.  With respect to the arguments raised in points III-V, defendant did not raise those issues before the

A-1589-17T2

PCR court. In any event, our review of the record confirms that defendant's arguments fail to satisfy either prong of the Strickland/Fritz test.

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1589-17T2